UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 6101 TULLIS DRIVE, LLC<br>    Plaintiff<br><br>VERSUS<br><br>INTERSTATE FIRE & CASUALTY INSURANCE COMPANY, INDEPENDENT SPECIALTY INSURANCE COMPANY, CERTAIN UNDERWRITERS LLOYDS, LONDON-SYNDICATE 2357 AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND OTHER INSURERS SUBSCRIBING TO BINDING AUTHORITY UMR B604510686220221<br>    Defendants | CIVIL ACTION NO.:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

## NOTICE OF REMOVAL

Defendants, Interstate Fire & Casualty Insurance Company, Subscribing to Policy No. VRX-CN-0003034-01; Independent Specialty Insurance Company, Subscribing to Policy No. VUX-CN-0003034-01; Certain Underwriters at Lloyd's, London Subscribing to Policy No. VNB-CN-0003034-01; and Certain Underwriters at Lloyd's and Other Insurers (Subscribing to Binding Authority B604510686220221) Subscribing to Policy VUX-CN-0003034-01 (collectively "Defendants"), appearing solely for the purpose of removing this case from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 9 U.S.C. § 205, with full reservation of all rights, exceptions and defenses, specifically including, but not limited to, jurisdiction and venue, and respectfully represent:

1.

Defendants remove this cause under 9 U.S.C. § 205, as the subject matter of the cause

relates to an arbitration agreement falling under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("the Convention").

2.

Plaintiff, 6101 Tullis Drive, LLC ("Plaintiff"), is a Louisiana limited liability company. Its sole member is Hamdan Sons Investments, LLC. Hamdan Sons Investments, LLC is a Louisiana limited liability company. Its sole member is Imad Hamdan, whose address is 439 Manhattan Boulevard, Suite 302, Harvey, Louisiana 70058. As such, Plaintiff is a citizen of Louisiana.

3.

In its Petition, Plaintiff alleges: (1) that the property located at 6101 Tullis Drive, New Orleans, Louisiana 70131 (the "Property") was damaged by a fire on or about December 6, 2021; (2) that damages sustained were covered by a policy of insurance to which Defendants subscribed; and (3) that Plaintiff purchased the Property and was assigned the insurance claim therefrom subsequent to the alleged fire, on or about May 23, 2023.

4.

Defendants, Certain Underwriters at Lloyd's, London in Syndicate 2357, Subscribing to Policy No. VNB-CN-0003034-01, and Certain Underwriters at Lloyd's and Other Insurers (Subscribing to Binding Authority B604510686220221) Subscribing to Policy VUX-CN-0003034-01, are individuals who are British subjects and/or legal entities existing under the laws of the United Kingdom of Great Britain and Northern Ireland with their principal places of business in London, England. They are authorized to write insurance in Louisiana on a surplus-lines basis.

5.

Defendant, Interstate Fire & Casualty Company, is incorporated in Illinois with its principal place of business in Chicago, Illinois.

6.

Defendant, Independent Specialty Insurance Company, is incorporated in Delaware with its principal place of business in Bedford, Texas.

7.

Although Underwriters, Interstate, and Independent subscribed to different policies, these policies are subject to and the contract of insurance is evidenced by a single policy document, bearing Account Number 2021-9003034-01 ("the Policy"), with effective dates of April 1, 2021 to April 1, 2022. The Policy memorializes a contract of insurance (the "Contract") between the insurers and the insureds. The Policy governs the terms and conditions of the insurance coverage. A copy of the Policy is attached as Exhibit A.

8.

The Policy is written, in part, on the VRU-017-1220 VRU Commercial Property Comprehensive Form. That form contains an arbitration provision that requires the Plaintiff to submit all disputes under the Policy:

**SECTION VII – CONDITIONS:**

**\* \* \***

**C. ARBITRATION CLAUSE:**

All matters in dispute between the **NAMED INSURED** and the **INSURER(S)** (hereinafter referred to as "the parties") in relation to this insurance, including this **POLICY'S** formation and validity, and whether arising during or after the period of this insurance, shall be referred to as an Arbitration Tribunal in the manner

hereinafter set out.

Unless the parties agreed upon a single Arbitrator within thirty (30) days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his or her Arbitrator and give written notice thereof to the Respondent. Within thirty (30) days of receiving such notice from Claimant, the Respondent shall appoint his or her Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

If the two Arbitrators fail to agree on the selection of the umpire within thirty (30) days of the appointment of the second named Arbitrator, each Arbitrator shall submit to the other a list of three Umpire candidates, each Arbitrator shall select one name from the list submitted by the other and the Umpire shall be selected from the two names chosen by a lot drawing procedure to be agreed upon by the Arbitrators. Unless the parties otherwise agree, the Arbitration Tribunal shall consist of disinterested and impartial persons presently or formerly employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discover, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

The parties shall each bear their own costs, expenses and attorney's fees in any Arbitration proceeding. Any Arbitration hearing shall take place in Nashville, Tennessee, unless VRU is agreeable to a different locale.

The Arbitration Tribunal may not award exemplary, punitive, or multiple or other damages of a similar nature.

The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.[1]

---

[1] *See* Exhibit A, VRU COMMERCIAL PROPERTY COMPREHENSIVE FORM, SECTION VII – CONDITIONS, SUBSECTION C – ARBITRATION CLAUSE, at pp. 33-34 of 50.

9.

The Contract envisaged performance abroad, as defendants, Certain Underwriters at Lloyd's, London Subscribing to Policy No. VNB-CN-0003034-01, and Certain Underwriters at Lloyd's and Others Subscribing to Policy VUX-CN-0003034-01, are individuals who are British subjects and/or legal entities existing under the laws of the United Kingdom of Great Britain and Northern Ireland with their principal place of business in London, England. As such, the Contract constitutes an arbitration agreement falling under the Convention.

10.

On November 6, 2023, Plaintiff served the Louisiana Secretary of State with a Petition for Damages that was filed in the Civil District Court for the Parish of Orleans, State of Louisiana, Case No. 2023-11681, Division A, Section 16 (the "Petition"), asserting a claim for damages arising from breach of contract and bad faith related to an insurance claim by Plaintiff's predecessor against the Defendants. A copy of the Petition and all other pleadings, services of process and orders in this case are attached as Exhibit B under 28 U.S.C. § 1446(a).

11.

Plaintiff's claims against Defendants arise out of the terms and conditions of the Policy, which mandate that the parties are to submit this dispute to arbitration in the United States, specifically Nashville, Tennessee. As such, both at the time that the suit was initiated, and at the time of the present removal, this dispute is subject to mandatory arbitration in Nashville, Tennessee.

12.

The arbitration mandated between Plaintiff and Defendants is subject to the provisions of

the Convention and, therefore, the Convention and its enabling legislation are controlling under 9

U.S.C. § 201. The United States is a signatory of the Convention, as is the United Kingdom.

13.

The United States Court of Appeals for the Fifth Circuit has consistently recognized that any dispute under an insurance policy containing an arbitration clause with an international party is subject to arbitration under the Convention. *See Acosta v. Master Maintenance & Const., Inc.*, 452 F.3d 373 (5th Cir. 2006); *Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666 (5th Cir. 1994).

14.

Further, this suit is an action of which this Court has original jurisdiction under 9 U.S.C. § 203 and one that may be removed to this Court under 9 U.S.C. § 205 at any time before trial thereof, in that it is an action arising under the laws of the United States and relating to an arbitration agreement falling under the Convention. *See McDermott Intl., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1212 (5th Cir. 1991); *STMB Properties, LLC v. Certain Underwriters at Lloyd's London,* 2022 WL 3924313 (E.D. La. 8/31/22).

15.

Thus, removal is timely, as there has been no trial of the state court action. 9 U.S.C. § 205.

16.

Because the plaintiff is a Louisiana citizen and the defendants are citizens of foreign states or nations, this Court may have jurisdiction under 28 U.S.C. § 1332.  Nonetheless, because the amount in controversy is not apparent from the face of the petition, the time to remove under 28

U.S.C. § 1446(b) has not started. *E.g.*, *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992). The defendants thus reserve their rights to predicate federal jurisdiction on 28 U.S.C. § 1332 once the amount in controversy becomes apparent.

WHEREFORE, PREMISES CONSIDERED, Defendants hereby remove Case No. 2023-11681, Division A, Section 16, Civil District Court for the Parish of Orleans, State of Louisiana, to this Court. A copy of this notice has been sent to the Clerk of the Orleans Parish Civil District Court, State of Louisiana, in which this action was commenced under 28 U.S.C. § 1446(d).

Respectfully submitted,

**DEGAN, BLANCHARD & NASH**

*/s/ John Futrell*
Sidney W. Degan, III (#4804)
John M. Futrell (# 05865)
Joseph F. Schrempp (#38396)
400 Poydras Street, Ste. 2600
New Orleans, LA  70130
Telephone:  (504) 529-3333
Fax:  (504) 529-3337
Email:  sdegan@degan.com
　　　　jfutrell@degan.com
　　　　jschrempp@degan.com

***Counsel for Defendants, Interstate Fire & Casualty Insurance Company, Subscribing to Policy No. VRX-CN-0003034-01; Independent Specialty Insurance Company, Subscribing to Policy No. VUX-CN-0003034-01; Certain Underwriters at Lloyd's, London, Subscribing to Policy No. VNB-CN-0003034-01; and Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B604510686220221, Subscribing to Policy VUX-CN-0003034-01***

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November , 2023, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system that will send a notice of electronic filing to all CM/ECF participants.

_/s/ John Futrell_____