**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **6101 TULLIS DRIVE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7066** |
| **INTERSTATE FIRE & CASUALTY INSURANCE COMPANY, ET AL** | **SECTION: D (1)** |

**ORDER AND REASONS**

Before the Court is the Independent Specialty Insurance Company, Interstate Fire & Casualty Insurance Company, Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority UMR B60451056822021, and Certain Underwriters at Lloyds, London-Syndicate 2357s' ("Defendants") Motion to Dismiss for Failure to Prosecute.[1] 6101 Tullis Drive, LLC ("Plaintiff") has filed an opposition to the motion,[2] and Defendants have filed a reply.[3] After careful condition of the record, the parties' memoranda and the applicable law, the Court **DENIES** the motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

The Plaintiff filed suit in state court on October 16, 2023, seeking coverage for property damage and to recover extra-contractual penalties pursuant to La. R.S. § 22:1892 and 22:1973.[4] On November 28, 2023, Defendants timely removed the state court action to this Court.[5] Defendants then filed a Motion to Compel Arbitration

[1] R. Doc. 23.
[2] R. Doc. 28.
[3] R. Doc. 29.
[4] R. Doc. 2-3 at pp. 3, 5-6.
[5] R. Doc. 2.

and Stay the Proceedings.[6] The Court granted the Motion and issued an Order compelling arbitration and staying the matter while the parties participated in arbitration proceedings.[7]

On September 23, 2026, Defendants filed the instant Motion to Dismiss for Failure to Prosecute.[8] Defendants assert that Defense counsel was unable to make contact with the arbitrator chosen by Plaintiff, and, starting in December 2025, Defense counsel began contacting Plaintiff to request their appointed arbitrator's new contact information.[9] Defendants assert that, despite giving the Plaintiff several extensions to respond and sending multiple requests for information, the Plaintiff failed to respond and the Defendants "were forced to invoke a provision in the relevant insurance policy allowing them to appoint another arbitrator on Plaintiff's behalf."[10] Defendants assert that "[e]ven after choosing another arbitrator and informing Plaintiff of their choice, Plaintiff's counsel failed to respond."[11] Defendants argue that "Plaintiff's continued lack of cooperation and failure to communicate and comply with the arbitration agreement has unnecessarily delayed this matter and thus prejudiced Defendants so significantly such that it warrants the dismissal of this case."[12]

[6] R. Doc. 18.
[7] R. Doc. 21.
[8] R. Doc. 23.
[9] R. Doc. 23-2 at p. 2.
[10] *Id.*
[11] *Id.*
[12] *Id.*

The Plaintiff opposes the motion and argues "that arbitration is proceeding apace."[13] The Plaintiff emphasizes that two arbitrators and an Umpire have been appointed and that that Arbitration Panel is holding an Organizational Meeting on October 7, 2026 where initial matters will be discussed.[14] Plaintiff argues that it is actively participating in the arbitration and therefore dismissal for failure to prosecute is not appropriate.[15] Plaintiff also argues that the Defendants have failed to make a showing of contumacious conduct as required for a motion to dismiss with prejudice.[16]

Defendants filed a reply to Plaintiff's opposition.[17] Defendants argue that, as of the filing of their Motion, Plaintiff was not actively participating in arbitration as evidenced by the fact that Defendants did not hear from Plaintiff's counsel until after the Defendants had filed their Motion.[18] Defendants argue that the Plaintiff admits to contumacious conduct by acknowledging that Defendants did "not receive timely responses from [Plaintiff's] counsel."[19] Defendants also argue that they have suffered prejudice because their right to arbitration has been unduly delayed by Plaintiff's refusal to communicate.[20] Therefore, the Defendants asks the Court to grant their Motion to Dismiss for Failure to Prosecute.[21]

---

[13] R. Doc. 28.
[14] *Id.* at pp. 1-2.
[15] *Id.* at p. 2.
[16] *Id.* at p. 4.
[17] R. Doc. 29.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*

## II. LAW AND ANALYSIS

"The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits."[22] Nonetheless, "The Court's power to dismiss for want of prosecution should be used sparingly."[23]

Where dismissal without prejudice will likely bar future litigation due to the applicable statute of limitations, dismissal is reviewed under the heightened standard used to review a dismissal with prejudice.[24] Before an action can be dismissed with prejudice, three factors must be present:[25] (1) there is a clear record of delay or contumacious conduct by the plaintiff; (2) lesser sanctions would not serve the best interests of justice; (3) the Court finds that (a) delay was caused by the plaintiff, as opposed to plaintiff's attorney, (b) the defendant suffered actual prejudice, or (c) the delay was caused by intentional conduct.[26] The third factor is considered an aggravating factor. The Fifth Circuit has held that "aggravating factors must 'usually' be found," not that they "must 'always' be found."[27] Dismissal with prejudice is appropriate only in "cases where the plaintiff's conduct has

[22] *Burns v. Westwego Police Dept.*, Civ. A. No. 14-2242, 2014 WL 7185449, at *2 (E.D. La. Dec. 16, 2014) (*citing* Fed. R. Civ. P. 41(b)).
[23] *Burns*, Civ. A. No. 14-2242, 2014 WL 7185449 at *2 (citing *Ramsay v. Bailey,* 531 F.2d 706, 707 (5th Cir. 1976)).
[24] *See Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013). In this matter, the Court recognizes that the prescriptive period has run and that the dismissal is effectively one with prejudice even if any such dismissal would be without prejudice. *Wilson v. Louisiana Citizens Prop. Ins. Corp.,* 375 So. 3d 961, 961–62 (La. 1/10/24). *See also Campbell v. Wilkinson*, 988 F.3d 798, n. 1 (5th Cir. 2021).
[25] *Springboards to Education, Inc.*, 325 F. Supp. 3d at 710.
[26] *Id.*
[27] *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006).

threatened the integrity of the judicial process, . . . leaving the court no choice but to deny that plaintiff its benefits."[28]

To succeed in their Motion, the Defendants first must show that there is a clear record of delay or contumacious conduct by the Plaintiff.[29] There is a clear record of delay when there are significant periods of total inactivity that persist for longer than just a few months.[30] A clear record of contumacious conduct exists when the plaintiff has deliberately exhibited a "stubborn resistance to authority."[31] Defendants argues that Plaintiff's failure to comply with the Court Order compelling arbitration and Plaintiff's acknowledgement that Defendants did "not receive timely responses from Plaintiffs counsel" constituted contumacious conduct.[32] The Court finds that Defendants have not provided enough evidence for the Court to find that Plaintiff acted with a "stubborn resistance to authority." While prior to the filing of the instant Motion, there is evidence that Plaintiff's counsel did not timely respond to the Defendants regarding arbitration matters, it appears that the parties' contract included procedures to follow in the event that Plaintiff failed to participate in the arbitrator selection process.[33] It appears that the arbitration process is currently pending, and the Organization Meeting, where preliminary matters will be discussed,

---

[28] *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982).
[29] *See Springboards to Education, Inc.*, 325 F. Supp. 3d at 710.
[30] *Millan v. USAA General Indemnity Company*, 546 F.3d 321, 327 (5th Cir. 2008); *see also Rogers*, 669 F.2d at 321.
[31] *Id.*
[32] R. Doc. 29 at p. 1. Defendant' argue that Plaintiff's acknowledged that Defendants did not receive timely response. *Id.* This is inaccurate. Plaintiff actually states, "[t]he Insurers complain about not receiving timely responses from 6101 Tullis' counsel, not 6101 Tullis itself." R. Doc. 28 at p. 4. Plaintiff acknowledges Defendants' argument, but does not actually admit to not providing timely responses.
[33] R. Doc. 23-2 at p. 2 ("Defendants were forced to invoke a provision in the relevant insurance policy allowing them to appoint another arbitrator on Plaintiff's behalf if Plaintiff failed to cooperate.").

has not yet occurred.[34] Given that Plaintiff has expressed an intent to participate in the arbitration process going forward,[35] the Court does not find contumacious conduct. Defendants may argue that, but for its courtesy extensions, the arbitration process would be further along.[36] However, the Defendants cannot use their own voluntary actions in extending arbitration deadlines to argue that Plaintiff has failed to comply with arbitration. Secondly, Defendants not receiving timely responses from Plaintiff's counsel is evidence of delay, but, on its own, does not indicate a stubborn resistance to authority. Thus, the Court finds that the Defendants have not proved contumacious conduct by the Plaintiff.

The Defendants have provided very little information about the manner and frequency of the contact Defendants attempted to make with the Plaintiff,[37] making it unclear if the period of inactivity was "significant." Even assuming for the purposes of this Motion that this lack of contact does constitute a clear record of delay, the Court finds that the Motion should still be denied because Defendants have not proved the existence of any aggravating factors, and Defendants do not argue that this is unusual instance warranting dismissal with prejudice without finding the presence of an aggravating factor.[38] An aggravating factor exists when the Court finds either that either (a) the delay was caused by the plaintiff, as opposed to

[34] R. Doc. 28 at pp. 1-2.
[35] *Id.* ("6101 Tullis is engaged in the arbitration . . . .").
[36] R. Doc. 32-2 at p. 4 ("The courtesy extensions of time granted by Defendants have extended the duration of this claim beyond any reasonable amount.").
[37] R. Doc. 32-2 at pp. 1-2.
[38] R. Doc. 32-2.

plaintiff's attorney, (b) the defendant suffered actual prejudice, or (c) the delay was caused by intentional conduct.[39]

Regarding the first factor, the Defendants provide no evidence that the delay was caused by the Plaintiff, as opposed to the Plaintiff's attorney so this aggravating factor is not present.[40] Regarding the second factor, the Defendants argue they suffered actual prejudice because they were unduly delayed by Plaintiff's actions.[41] Defendants claim that, because of Plaintiff's failure to communicate, they were required to "invoke a provision in the relevant insurance policy allowing them to appoint another arbitrator on Plaintiff's behalf if Plaintiff failed to cooperate."[42] As indicated in Plaintiff's Opposition, it appears that after Defendants invoked this provision, the Arbitration Panel was selected and an Organizational Meeting was scheduled for October 7, 2026.[43] The Court finds that the contract between the parties contemplated Plaintiff failing to select an arbitrator and provided procedures to follow in the event that this happened.[44] The Court does not find that the Defendants suffered prejudice by having to follow the procedures provided for in its Contract with the Plaintiff.

Regarding the third aggravating factor, the Defendants argues the "delay was caused by intentional conduct," but does not point to any evidence beyond the failure of Plaintiffs to provide a response for the 8 or 9 month period as evidence that the

[39] *Springboards to Education, Inc.*, 325 F. Supp. 3d at 710.
[40] R. Doc. 32-2.
[41] *Id.* at p. 4.
[42] *Id.* at p. 2.
[43] R. Doc. 28 at p. 1.
[44] R. Doc. 23-2 at p. 2 ("Defendants were forced to invoke a provision in the relevant insurance policy allowing them to appoint another arbitrator on Plaintiff's behalf if Plaintiff failed to cooperate.").

delay was caused by intentional contact.[45] The Court finds this evidence is not enough to find that the delay was intentional.

Thus, the Court finds that no aggravating factors are present and thus this is not an unusual case where dismissal is warranted without the finding of an aggravating factor. Dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim. The sanction of a dismissal with prejudice "is reserved for the most egregious of cases." The Court finds that the Plaintiff's actions in this case do not meet the high bar required for dismissal with prejudice.

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute is **DENIED**.

New Orleans, Louisiana, October 22, 2026.

**WENDY B. VITTER**
**United States District Judge**

[45] *Id.*